Nos.  23-0303/0304/0305/0306/0307

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Nov 16, 2023
KELLY L. STEPHENS, Clerk

| | |
|---|---|
| In re:  FIRSTENERGY CORPORATION, et al. | ) |
| [23-0303]; | ) |
| JAMES F. PEARSON [23-0304]; | ) |
| CHARLES E. JONES [23-0305]; | )  O R D E R |
| DONALD R. SCHNEIDER [23-0306]; | ) |
| JOHN JUDGE [23-0307], | ) |
| | ) |
| Petitioners. | ) |

Before:  CLAY, GIBBONS, and LARSEN, Circuit Judges.

In these consolidated actions for securities fraud, the district court certified a class of investors in the Ohio-based electrical utility company FirstEnergy Corporation.  FirstEnergy petitions for permission to appeal the order, and FirstEnergy officials James F. Pearson, Charles E. Jones, Donald R. Schneider, and John Judge file separate petitions, in which each joins FirstEnergy's petition.  Plaintiffs oppose the petitions.  FirstEnergy moves for leave to reply, and former Securities and Exchange Commission officials and law professors, as well as the Chamber of Commerce of the United States, the Securities Industry and Financial Markets Association, and Edison Electric Institute, move for leave to file an amicus curiae brief in support of FirstEnergy's petition.

We may, in our discretion, permit an appeal from an order granting certification of a class action.  Fed. R. Civ. P. 23(f).  Our "unfettered" discretion to permit an appeal is akin to the discretion of the Supreme Court in considering whether to grant *certiorari*; thus, we may consider any relevant factor we find persuasive.  *See* Fed. R. Civ. P. 23, advisory committee notes to 1998 amendment; *In re Delta Air Lines*, 310 F.3d 953, 957 (6th Cir. 2002) (per curiam).  There is no

Nos. 23-0303/0304/0305/0306/0307
-2-

definitive test for granting permission to appeal, but factors we consider include: (1) whether the petitioner is likely to succeed on appeal under the deferential abuse-of-discretion standard; (2) whether the cost of continuing the litigation for either party presents such a barrier that subsequent review is hampered; (3) whether the case presents a novel or unsettled question of law; and (4) the procedural posture of the case before the district court. *Delta Air Lines*, 310 F.3d 960. Having considered the parties' pleadings, the amicus briefs, and the record, we conclude that interlocutory review of the district court's order certifying a class action is appropriate.

Accordingly, the petitions for permission to appeal and the motions for leave to file a reply brief and to file an amicus brief are **GRANTED**.

ENTERED BY ORDER OF THE COURT

Kelly L. Stephens, Clerk